## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Diane M. W., | Case No. 20-CV-2651 (SRN/ECW) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Kilolo Kijakazi, *Acting Commissioner of Social Security*, | |
| Defendant. | |

Clifford Michael Farrell, Manring & Farrell, 167 North High Street, Columbus, Ohio 43215, and Edward C. Olson, Disability Attorneys of Minnesota, 331 2nd Avenue South, Suite 890, Minneapolis, Minnesota 55401, for Plaintiff.

Michael Moss, Social Security Administration, 1301 Young Street, Suite 350, Dallas, Texas 75202, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Diane M. W.'s Objection [Doc. No. 26] to United States Magistrate Judge Elizabeth Cowan Wright's Report and Recommendation ("R&R") dated July 5, 2022 [Doc. No. 24]. Magistrate Judge Wright recommends that this Court grant in part Plaintiff's Motion for Summary Judgment [Doc. No. 19], deny Defendant Kilolo Kijakazi's Motion for Summary Judgment [Doc. No. 21], remand the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g)[1] for further

---

[1] Title 42 U.S.C. § 405(g) permits a plaintiff to obtain judicial review of a final decision of the Commissioner and grants the Court authority "to enter . . . a judgment

1

administrative proceedings consistent with the R&R, and dismiss the case with prejudice. (R&R at 53.)

According to statute, the Court must review *de novo* any portions of a magistrate judge's opinion to which a party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b)(3). Based on that *de novo* review, the Court overrules Plaintiff's objection, adopts the R&R, grants in part Plaintiff's motion, denies Defendant's motion, remands the case to the Commissioner consistent with the R&R, and dismisses the case with prejudice.

## I.    BACKGROUND

The factual and procedural background of this Social Security matter are well documented in the R&R and are incorporated herein by reference. (*See* R&R at 1–30.)

### A.    Factual Background

Plaintiff has a history of medical issues, including migraines, chronic kidney disease, hypertension, obesity, a right thumb disorder, gastroesophageal reflux disease ("GERD"), and a left elbow fracture. (*Id.* at 3–28.) She has received considerable medical care to address these problems including oral and injected medications. (*Id.* at 6–11.)

Plaintiff also suffers from mental health issues including borderline intellectual functioning, anxiety and depressive disorders, and a social anxiety disorder. (*Id.* at 3, 5, 8, 11–15, 17–28.) Her medical professionals have consistently stated that therapy and

---

affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

medications have generally improved her symptoms. (*Id.* at 6–8, 11, 17–20.) Her regular treatment providers for her mental health issues have included neurologist Rupert E. Exconde, M.D. ("Dr. Exconde"), clinical psychologist David Kearn, M.A., L.P. ("Mr. Kearn"), and neuropsychologist Maida Gunther, Ph.D. ("Dr. Gunther"), among others. (*Id.* at 5–23.)

### B.      Procedural Background

Plaintiff filed a Title II application for disability insurance benefits ("DIB") in October 2018. (Tr. [Doc. No. 18] at 22.)[2] The Social Security Administration ("SSA") denied Plaintiff's application in March 2019 and again in April 2019. (*Id.*) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and that hearing was held in April 2020. (*Id.* at 64–90.) Shortly thereafter, the ALJ denied Plaintiff's application, and the Social Security Appeals Council denied Plaintiff's request for review in October 2020. (*Id.* at 1–3, 19.) The Appeals Council's denial made the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. In December 2020, Plaintiff filed this action for judicial review of the ALJ's decision according to 42 U.S.C. § 405(g) [Doc. No. 1], after which the parties filed their cross-motions for summary judgment. The magistrate judge issued an R&R on these motions, and Plaintiff raised a timely objection to the R&R.

---

[2] The abbreviation "Tr." for "transcript" refers to the administrative record in this action [Doc. No. 18].

### C.     The Disability Application and Hearing Process

Relevant to Plaintiff's objection, as part of her application process, Plaintiff was evaluated by two state agency psychologists, Ken Lovko, Ph.D. ("Dr. Lovko") and Ray Conroe, Ph.D., L.P ("Dr. Conroe"), (collectively "Drs. Lovko and Conroe" or "the state psychologists"). (R&R at 23–26.) Both state psychologists opined that Plaintiff would require some limitations to her work environment to limit both the complexity of her tasks, and her interactions with coworkers, supervisors, and the public. (*Id.*)

Once Plaintiff's application and the administrative record were complete, the ALJ convened an administrative hearing in April 2020. (Tr. at 64–90.) At that hearing, Plaintiff testified before the ALJ on a variety of subjects related to her ability to care for herself, perform daily functions, attend her part-time job, manage her health issues, and navigate the impact of her health problems on her functional abilities—including the impact of painful migraine headaches that can persist for several days. (R&R at 26–28.)

A vocational expert, Kenneth Ogren ("Mr. Ogren"), also testified at the hearing. (*Id.* at 28–30.) The ALJ posed two hypothetical questions to Mr. Ogren which asked him to take into account numerous impairments and associated limitations and determine whether a person with such limitations would be disqualified for all jobs within the national economy. (*Id.*) Mr. Ogren found that a person faced with these impairments and limitations would still be able to perform Plaintiff's relevant past work, and could also perform work in other areas of the economy. (*Id.*)

4

### D.      The ALJ's Findings and Decision

The ALJ concluded that Plaintiff was not under a disability, as that term is defined by the Social Security Act, from April 1992 (when Plaintiff claimed her disability arose) to the date of the ALJ's decision in May 2020. (Tr. at 32.) Following the required five-step evaluation set forth in 20 C.F.R. § 404.1520(a), and considering the entire administrative record, the ALJ made the following determinations.

First, the ALJ concluded that Plaintiff had engaged in substantial gainful activity ("SGA")[3] from 1993–2002, 2004–2008, and the first three quarters of 2019, but that there had been a continuous 12-month period during this time during which she had not engaged in SGA. (*Id.* at 24–25.) Second, the ALJ found that Plaintiff had several "severe impairments," including borderline intellectual functioning, major depressive disorder, dysthymia (persistent depressive disorder), generalized anxiety disorder, and social anxiety disorder. (*Id.* at 25.) Third, the ALJ determined that Plaintiff's impairments, individually or together, did not meet the severity requirements under the guidelines that would render those impairments incompatible with the ability to engage in SGA. (*Id.* at 26.)

---

[3] SGA, or substantial gainful activity, is a term used by the SSA to describe a threshold eligibility requirement for DIB: "[i]f you are able to engage in substantial gainful activity, [the SSA] will find that you are not disabled." 20 C.F.R. § 404.1571. The SSA determines an annual cap for the monthly SGA level that a person may not earn while also being eligible for DIB. *See* SSA, *Substantial Gainful Activity*, https://www.ssa.gov/oact/cola/sga.html (last visited Sept. 19, 2022).

Between steps three and four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC")[4] to perform work at all exertional levels as defined by the SSA guidelines, subject to several functional limitations related to movement, social engagement, and types of tasks. (*Id.* at 28.) The ALJ explained that she did not impose more extensive functional limitations for several reasons. First, although the ALJ agreed that some of Plaintiff's symptoms could be caused by her medical impairments, she found the record did not support Plaintiff's claims about the intensity, persistence, and functionality-limiting effects of those symptoms. (*Id.* at 29.) Second, the ALJ found that certain medical opinions[5] in the record advocating for more extensive functional limitations were not supported by or consistent with the record as a whole. (*Id.* at 25–26, 30.)

Specifically, the ALJ found that Plaintiff consistently participated in a variety of life activities that required mental engagement and social interactions. (*Id.*) Based on these activities, the ALJ found unpersuasive Dr. Exconde's opinion that Plaintiff could not work

---

[4] RFC, or residual functional capacity, "is the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

[5] According to the SSA, "[a] medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" concerning the physical, mental, sensory, or environmental demands of a typical work environment. 20 C.F.R. § 404.1513(a)(2). The parties do not dispute that the opinions of Drs. Lovko and Conroe constitute medical opinions for the purposes of 20 C.F.R. § 404.1520c that sets forth the factors an ALJ must use to assess persuasiveness. (*See* Pl.'s Objection at 2, 4; Def.'s Mem. Supp. Mot. Summ. J. at 22, 26–28.) The ALJ's alleged failure to follow this standard forms the basis for Plaintiff's objection. (*See* Pl.'s Objection at 2–5.)

when she suffered from migraine headaches. (*Id.* at 25.) Likewise, the ALJ found unpersuasive Dr. Gunther's opinion that Plaintiff's neuropsychological deficits would preclude her from obtaining gainful employment because that opinion was not consistent with the extent of Plaintiff's activities in the record. (*Id.* at 30.) By contrast, the ALJ found persuasive the opinions of Drs. Lovko and Conroe that Plaintiff had moderate mental limitations and should avoid complex and detailed work activities, although the ALJ disagreed with the state psychologists' opinions that Plaintiff required an isolated or semi-isolated work environment. (*Id.*)

At the fourth step, the ALJ concluded that Plaintiff could perform her past relevant work because her impairments and resulting limitations did not preclude it. (*Id.*) Fifth and finally, the ALJ determined that Plaintiff could also perform other jobs in the national economy besides her past work. (*Id.* at 31.) Consequently, the ALJ found that Plaintiff was not under a disability during the relevant period according to § 404.1520(f), and this opinion became the final opinion of the Commissioner subject to judicial review.[6] (*Id.* at 32; *see also* 20 C.F.R. § 404.981.)

E.   **The Parties' Cross-Motions for Summary Judgment**

Plaintiff sought judicial review of the ALJ's decision on three grounds alleging that: (1) the Commissioner failed to properly evaluate the medical opinions offered by Mr. Kearn, Dr. Exconde, and Drs. Lovko and Conroe; (2) the Commissioner mischaracterized

---

[6] Under 20 C.F.R. § 404.1520(f), if an ALJ finds that "you can still do [your past relevant work], [the ALJ] will find that you are not disabled."

Plaintiff's headaches as non-severe; and (3) the appointment of former Commissioner of Social Security Andrew Saul was unconstitutional. (Pl.'s Mem. Supp. Mot. Summ. J. [Doc. No. 20] at 7–20.) Defendant opposed Plaintiff's motion, arguing that the ALJ correctly evaluated the medical opinions and evidence in the record, and that Plaintiff failed to demonstrate any harm caused by the allegedly unconstitutional appointment of former Commissioner Saul. (Def.'s Mem. Supp. Mot. Summ. J. [Doc. No. 22] at 1–3, 8–9.) The Court referred these cross-motions to the magistrate judge for an R&R.

### F.      The R&R

Magistrate Judge Wright issued her R&R on July 24, 2022, and recommends that the Court grant in part Plaintiff's motion, deny Defendant's motion, reverse and remand Plaintiff's case to the Commissioner, and dismiss this action with prejudice. (R&R at 1, 53.) Specifically, the magistrate judge made three findings. First, she found that, although the ALJ properly considered the medical opinions of the state agency psychologists, she improperly discredited and failed to evaluate the opinions of Mr. Kearn and Dr. Exconde in accordance with 20 C.F.R. § 404.1520(c) for supportability and consistency with the record. Second, the magistrate judge found that substantial evidence did not support the ALJ's evaluation of the severity of Plaintiff's headaches. Finally, the magistrate judge found that, in light of her ruling, she did not need to reach the constitutionality of former Commissioner Saul's appointment. (*Id.* at 40–51.)

### G.      Plaintiff's Objection

In her objection, Plaintiff argues that the magistrate judge should have found the ALJ's evaluation of the persuasiveness of the state psychologists' medical opinions

insufficient. (*See* Pl.'s Objection at 2.) Specifically, Plaintiff argues that the ALJ did not adequately discuss the consistency and supportability of those opinions with the record under 20 C.F.R. § 404.1520c. (*Id.* at 2–5.) Defendant raised no objections to the R&R (*see* Def.'s Non-Objection Response [Doc. No. 25]), nor did it respond to Plaintiff's objection. Thus, the Court reviews *de novo* only the limited issue of whether the magistrate judge should have found the ALJ's consideration of the state psychologists' opinions insufficient and remanded that issue as well to the Commissioner for further proceedings.

## II.   STANDARD OF REVIEW

The Commissioner's decision to deny benefits must be affirmed if it supported by substantial evidence within the record as a whole. *See* 42 U.S.C. § 405(g); *Stanton v. Comm'r, Soc. Sec. Admin.*, 899 F.3d 555, 557 (8th Cir. 2018) (quoting *Vance v. Berryhill*, 860 F.3d 1114, 1117 (8th Cir. 2017)). "The phrase 'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *T-Mobile S., LLC v. Roswell*, 574 U.S. 293, 301 (2015)). "Substantial evidence 'is less than a preponderance, but enough that a reasonable mind would find it adequate to support the ALJ's decision.'" *Galloway v. Kijakazi*, 2022 WL 3453553, at *2 (8th Cir. 2022) (quoting *Stanton*, 899 F.3d at 557–58). The substantial evidence test, however, requires "'more than a mere search of the record for evidence supporting the [Commissioner's] findings.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987) (alteration in original)). Rather, in reviewing the administrative decision, the Court "'must consider evidence in the record that fairly detracts from, as well as supports,

the ALJ's decision.'" *Schmitt v. Kijakazi*, 27 F.4th 1353, 1358 (8th Cir. 2022) (quoting *Delph v. Astrue*, 538 F.3d 940, 945 (8th Cir. 2008)). However, the Court does not substitute its own views for those of the Commissioner, and if substantial evidence supports the Commissioner's judgment, the Court must affirm that decision even if "'substantial evidence exists in the record that would have supported a contrary outcome.'" *Koch v. Kijakazi*, 4 F.4th 656, 663 (8th Cir. 2021) (quoting *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000)).

## III.   DISCUSSION

### A.     The Requirements of 20 C.F.R. § 404.1520c

The SSA's regulatory requirements concerning the persuasive value of medical opinions changed in March 2017. Before this change, an ALJ had to provide "good reasons" for the weight assigned to medical opinions and, in most circumstances, gave controlling weight to a treating source's medical opinion. *Compare* 20 C.F.R. § 404.1527 (old rule) *with* 20 C.F.R. § 404.1520c (new rule); *see also Joel M. B. v. Kijakaz*i, No. 21-CV-1660 (PAM/ECW), 2022 WL 1785224, at *3 n.1 (D. Minn. June 1, 2022) (discussing this change of the applicable rule).

For claims filed on or after March 27, 2017, an ALJ's consideration of medical opinions is governed by 20 C.F.R. § 404.1520c.[7] *See Pemberton v. Saul*, 953 F.3d 514, 517 n.2 (8th Cir. 2020) (citing 20 C.F.R. § 404.1520c). "Under § 404.1520c, the ALJ does not

---

[7] Magistrate Judge Wright provided a thorough explanation of this standard and its application in the R&R. (*See* R&R at 34–35 (discussing 20 C.F.R. § 404.1520c).)

defer to any medical opinions[.]" *Mary D. v. Kijakazi*, No. 21-CV-1995 (BRT), 2022 WL 2759117, at *7 (D. Minn. July 14, 2022) (citing 20 C.F.R. § 404.1520c(a)). "Instead, ALJs evaluate the persuasiveness of medical opinions by considering [factors including] (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)).

The first two of these factors—supportability and consistency—are the most important and must be considered by the ALJ. *See* 20 C.F.R. § 404.1520c(b)(2); *see also Joel M. B.*, 2022 WL 1785224, at *3 (quoting 20 C.F.R § 404.1520c(b)(2)). If an ALJ does not evaluate how the medical opinion is supported by and consistent with the record, the omission can constitute reversible legal error. *See Bonnett v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021) (per curiam) (reversing and remanding the case to the Commissioner because the ALJ failed to evaluate a medical opinion's consistency with the record); *see also Joel M. B.*, 2022 WL 1785224, at *3 (quoting *Lucus v. Saul*, 960 F.3d 1066, 1070 (8th Cir. 2020) ("'The [ALJ's] failure to comply with SSA regulations is . . . legal error.'") (alteration in original)).

**B.     The ALJ's Treatment of the State Psychologists' Opinions**

Here, the ALJ addressed the state psychologists' opinions as follows:

As for medical opinion(s) and prior administrative medical finding(s), the undersigned [ALJ] cannot defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s), including those from medical sources. The

undersigned has fully considered the medical opinions and prior administrative medical findings as follows:

The State agency opined that the claimant was moderately mentally limited. (Exhibit 1A, 3A). The claimant also underwent neuropsychological evaluation after which, it was determined that the claimant could not get a "new job." (Exhibit 7F/7). While the undersigned agrees that the claimant should avoid more complex and detailed work activity, as the State agency psychologists suggested, the claimant shops on a weekly basis, was alert and oriented at all times, had a good memory, was able to interact with family, friends, and neighbors, had a normal thought process, and she has a strong work history at [substantial gainful activity] levels, performing the same job she has held for thirty years. The conclusion that the claimant could not get a "new job" is not dispositive of the issues herein. This is similar to the conclusion that the claimant is "disabled" or "cannot work." This is a conclusion that requires both vocational and medical considerations and is reserved for the Commissioner and is not persuasive.

In conclusion, each of the above opinions and evidence were considered when determining the claimant's residual functional capacity. The claimant's residual functional capacity fully accommodates that claimant's impairment in light of the medical evidence.

(Tr. at 30.)

In reviewing the ALJ's analysis, the Court agrees with the magistrate judge that the ALJ sufficiently considered whether the state psychologists' opinions were consistent with and supported by the record. Having done so, she found those opinions only partially persuasive. The ALJ identified the correct standard of review, stating that she "considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR [§] 404.1520c." (*Id.* at 28.) Specifically, she found that the state psychologists' opinions on Plaintiff's mental and social limitations were not entirely supported by or consistent with Plaintiff's varied activities documented throughout the record. (*Id.*) *See Svendsen v. Kijakazi*, No. 1:21-CV-1029 (CBK), 2022 WL 2753163, at

*8 (D.S.D. July 14, 2022) (citing *Goss v. Kijakazi*, No. 4:21-CV-0663 (LPR/JJV), 2022 WL 1511521, at *3 (E.D. Ark. May 12, 2022) ("The ALJ need not use the magic words of 'supportability' and 'consistency,' but it must be clear they were addressed.") Therefore, because the Court finds that the ALJ properly applied the factors under 20 C.F.R. § 404.1520c when determining the persuasive value of the state psychologists' opinions, Plaintiff's objection is overruled and the R&R is adopted in full.

## IV.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff Diane M. W.'s Objection [Doc. No. 26] is **OVERRULED**;

2. The Report and Recommendation [Doc. No. 24] is **ADOPTED**;

3. Plaintiff's Motion for Summary Judgment [Doc. No. 19] is **GRANTED IN PART**;

4. Defendant Kilolo Kijakazi's Motion for Summary Judgment [Doc. No. 21] is **DENIED**;

5. The final decision of the Commissioner of Social Security is **REVERSED** and the case is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with the Report and Recommendation and this Order; and

6. This action is **DISMISSED WITH PREJUDICE**.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 22, 2022                          s/Susan Richard Nelson
                                                   SUSAN RICHARD NELSON
                                                   United States District Judge